REUBEN H. DONNELLEY

*v.*

CHARLES B. PACKER.

*Opinion filed November 1, 1897.*

APPEALS AND ERRORS—*Supreme Court cannot review facts in suits at law.* In suits at law the judgment of the Appellate Court affirming that of the trial court, rendered upon conflicting evidence, is conclusive as to all controverted questions of fact, however close or doubtful.

*Donnelley* v. *Packer*, 68 Ill. App. 419, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. NATHANIEL C. SEARS, Judge, presiding.

JOHN J. McCLELLAN, and W. A. SHERIDAN, for appellant.

CLIFFORD & MORE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action of assumpsit on the common counts, brought by appellee, against appellant, in the Superior Court of Cook county. A jury was waived, and on a trial by the court judgment was rendered for the plaintiff. This judgment has been affirmed by the Appellate Court.

The facts necessary to an understanding of the case are substantially these: R. R. Donnelley & Sons, a corporation, carried on a large printing business in Chicago, and in June, 1889, was deeply indebted to, among others, the Park National Bank, of which the appellee, Packer, was president. The bank held certain shares of stock in a New York corporation, which it had obtained from Donnelley & Sons. Packer requested R. R. Donnelley, who was the president of Donnelley & Sons, to go to

New York and dispose of said stock. Donnelley was willing to do so provided Donnelley & Sons could obtain $5000 with which to carry on its business in his absence. Neither Packer nor the bank was willing to make the loan, but Packer held seventy-five shares of the capital stock of the bank, which he loaned and transferred to Donnelley & Sons to use as collateral security in obtaining the loan. With this stock as collateral, Donnelley & Sons, upon its note to Baker & Parmly for $5000, dated June 26, 1889, payable in sixty days, obtained that amount, less the discount, and used the same in its business. R. R. Donnelley's trip to New York proved unsuccessful, and after his return, and on the 20th of August, 1889, the pressure of the creditors of the printing company, including the bank, was such that it gave a chattel mortgage upon all of its property and effects to secure seventeen promissory notes, aggregating $76,906.71, including one for $5000 to Packer. Packer was apprehensive that the giving of this mortgage might cause the unsecured creditors of the printing company to attach his equity in the seventy-five shares of bank stock which stood in the name of the printing company and which it had pledged to Baker & Parmly, and which stock was worth about $8000, and although the note to Baker & Parmly was not yet due, he desired to have the same taken up and his stock returned, and to that end, before the mortgage was recorded and on August 20, 1889, he requested R. R. Donnelley to see his son, the appellant, Reuben H. Donnelley, and induce him to obtain a loan of $5000 upon pledging as security therefor sixty of said seventy-five shares, which Packer would turn over to appellant for that purpose. Upon a conference between the father and the son, and afterward between the father and the appellant and Packer, on said 20th day of August, the appellant agreed to procure such a loan. To secure the immediate return of the seventy-five shares of bank stock in the hands of Baker & Parmly the printing company drew a

check on the bank, and, although it had no sufficient funds on deposit there to pay the same, Packer, as president, caused the bank to certify the check as good, and the printing company therewith paid and took up the Baker & Parmly note and returned the seventy-five shares to Packer. Sixty of these shares were then on the same day transferred to Reuben H. Donnelley, the appellant, who, by pledging them as collateral security to his note for $5000, which was drawn payable to himself and endorsed, obtained a loan from Lobdell & Co. for that amount, and turned over the proceeds thereof, less the discount, to Packer, or the bank, for the purpose, as Packer says, of making good the certified check of Donnelley & Sons, the printing company, but as appellant says, that while the money was originally borrowed to take up his father's loan, or rather the loan of Donnelley & Sons, that loan was paid by the printing company's note for $5000, which was included in and secured by the chattel mortgage, and that therefore his loan from Lobdell & Co. became and was a loan for the accommodation and benefit of Packer, and that Packer promised to take care of it. He also testified that when, at the end of six months, it became due, he requested Packer to take it up, but that Packer said he was unable to do so then, and he, at Packer's request, renewed the loan for six months longer. When the note given in renewal of the loan became due it was not paid by the appellant but was put in bank for collection, and Packer paid it and took up his sixty shares of stock on the 28th day of May, 1890. This suit was brought by Packer against appellant three years later.

When appellant received the sixty shares of bank stock from Packer he gave Packer a receipt therefor, which stated that he had given no consideration for the stock, but that he had received it as purely an accommodation from Packer to use as collateral to a loan for $5000, and that he promised and pledged himself and his

heirs to defend and protect Packer harmless and from expense in regaining possession of the stock, and promised to return the same on or before ninety-five days from that date, August 20, 1889. Appellant testified that he did not read this receipt or know its contents, but signed it at the request of Packer, while Packer testified that he wrote it in the presence of appellant and read it over to him before it was signed. R. R. Donnelley testified that upon the settlement of another matter between him and Packer he refused to pay Packer certain moneys until Packer agreed to return to his son, the appellant, said receipt for the sixty shares, and had inserted said agreement in another receipt given by Packer to R. R. Donnelley. That receipt was given in evidence, and among other things contained this clause: "Will return the receipt of Reuben's that I hold for $6000 stock." He also testified that Packer did not return the receipt for the stock, but put him off from time to time with excuses.

It is not contended by appellant that we can reverse this judgment because it is contrary to the evidence or the weight of the evidence, or that the judgment of the Appellate Court is not conclusive as to the facts, but it is said that so far as there was any conflict in the evidence it was upon immaterial questions, and that upon the uncontradicted material evidence in the case it must be held, as a question of law, that appellant's loan from Lobdell & Co., and his note therefor and the one in renewal thereof, were for the accommodation of Packer, the appellee, and that Packer has no right of action against appellant thereon. And in this connection it is contended that the court erred in modifying, and then holding as modified, certain propositions submitted by appellant to be held as law in the decision of the case.

While we have not thought it necessary to refer to all of the instances wherein there was a material conflict in the testimony, still, it is apparent, we think, from what has been stated, that there was a material conflict in the

evidence upon vital points in the case.   For instance, it was claimed upon the one side that the Baker & Parmly note, and certified check given in payment thereof, were satisfied by the note of the printing company for $5000 to Packer, secured by the chattel mortgage, while on the other it was claimed that said $5000 note was given merely to protect Packer against loss on his stock which he had loaned to Donnelley & Sons; and, following therefrom, it was contended upon the one side that appellant's loan was obtained and the money used to pay off said certified check for Donnelley & Sons, and, consequently, for the benefit of the printing company, while on the other hand it is said, that check being paid off by the $5000 note secured by the chattel mortgage, Packer received the benefit of appellant's loan and that he promised to take care of it, and could not therefore recover against appellant when he afterward did so.   It does not appear that the $5000 note secured by the chattel mortgage was ever paid, and Packer claims, his stock being returned and he being reimbursed by appellant for the $5000 paid to secure its return, that nothing will be due upon it.   The mere fact that Packer was benefited by the moneys obtained from appellant's loan by having the debt to him or the bank from Donnelley & Sons paid, or from obtaining back his stock which had been loaned, or a part of it, would not defeat his right of recovery against appellant.   It was doubtless a clear benefit to Packer to get his stock out of the hands of an insolvent party by placing it, or the larger part of it, in the hands of a solvent party.   Still, it could not be said, as a matter of law or otherwise, that such fact would make the transaction one for his accommodation, as between him and appellant.   However close or doubtful upon the facts the case may have been, it was so upon the facts only.   It is not a case where the facts were agreed upon and upon which the judgment of the Appellate Court was taken, as in *Launtz* v. *People*, 113 Ill. 137, relied on by appellant.

What has been said practically disposes of the questions raised relating to the modification of the propositions submitted to be held as law.   The substance of the modification was in adding or inserting the phrase, "as accommodation for said plaintiff," in a long statement of facts, after the statement "if the defendant made his note for $5000."   We think the modification was proper.

The real questions at issue were questions of fact, upon which the judgment of the Appellate Court is conclusive.   That judgment will therefore be affirmed.

*Judgment affirmed.*